IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TYRONE D. JENKINS,** | : CIVIL ACTION NO. 1:25-CV-730 |
| **Petitioner** | : (Judge Neary) |
| v. | : |
| **WARDEN J. GREENE,** | : |
| **Respondent** | : |

**MEMORANDUM**

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Tyrone D. Jenkins, seeks a writ of habeas corpus compelling the United States Bureau of Prisons ("BOP") to grant him a sentence reduction based on his completion of the BOP's Residential Drug Abuse Program ("RDAP"). The petition will be denied.

**I.     Factual Background & Procedural History**

Jenkins is serving an 87-month sentence of imprisonment imposed by the United States District Court for the Western District of New York for unlawful possession of a firearm as a convicted felon. (Doc. 6-2 at 2). He is currently housed in Allenwood Federal Correctional Institution ("FCI-Allenwood").

Jenkins filed his petition for writ of habeas corpus on April 15, 2025, and it was received and docketed on April 25, 2025. (Doc. 1). Jenkins asserts that he is enrolled in the RDAP and is "on track to successfully complete the program." (Id.) Jenkins notes that the BOP has the discretion to reduce the sentence for an inmate who completes the RDAP by up to one year. (Id.) Jenkins asserts, however, that the BOP has improperly deemed him ineligible for an RDAP sentence reduction by

concluding that Jenkins's conviction for unlawful possession of a firearm constitutes a crime of violence. (Id.) Jenkins asserts that the conviction should not be considered a crime of violence and that the categorical denial of Jenkins's request for an RDAP sentence reduction is thus improper. (Id.)

Respondent responded to the petition on June 13, 2025. (Doc. 6). Respondent argues that this court lacks jurisdiction because a claim seeking an RDAP sentence reduction is not a cognizable habeas corpus claim. (Id. at 6-9). Respondent notes that decisions regarding placement in the RDAP and whether to grant a sentence reduction based on completion of the RDAP are left to the discretion of the BOP and argues that a petitioner cannot seek such relief in a habeas corpus petition. (Id.) Respondent further argues that even if the claim is cognizable, it fails on its merits. (Id. at 9-14). Jenkins filed a reply brief in support of his petition on August 19, 2025, making the petition ripe for review. (Doc. 9).

## II.   Discussion

The BOP's management of the RDAP is governed by 18 U.S.C. § 3621. When an inmate successfully completes the RDAP, his sentence "may be reduced by the Bureau of Prisons," for up to one year. Id. § 3621(e)(2)(B). Pursuant to its authority under the statute, the BOP has passed a regulation categorically excluding certain classes of inmates from receiving sentence reductions when they complete the RDAP. See 28 C.F.R. § 550.55. Among other classes, inmates who have been convicted of a "[a]n offense that involved the carrying, possession, or use of a firearm" are precluded from receiving an RDAP sentence reduction. Id. § 550.55(b)(5)(ii). Jenkins argues that this regulation—which bars him from receiving

an RDAP sentence reduction due to his conviction for unlawful possession of a firearm—is invalid. (Doc. 1). Respondent contends that this court lacks jurisdiction over the petition and that the petition otherwise fails on its merits. (Doc. 6).

The jurisdictional issue will be addressed as a threshold matter. Respondent argues the petition does not present a cognizable claim because decisions whether to place an inmate in the RDAP and whether to grant a sentence reduction for completion of the RDAP are left to the BOP's discretion. (Doc. 6 at 6-9).

The court finds that the jurisdictional argument is controlled by Lopez v. Davis, 531 U.S. 230 (2001). The court construes Jenkins's petition not as challenging the BOP's discretionary decision whether to place him in RDAP or award an RDAP sentence reduction, but rather as challenging the limits of the BOP's discretion. Specifically, petitioner argues that the BOP does not have discretion to categorically deny RDAP sentence reductions to inmates. (Doc. 1). Lopez concerns an essentially identical challenge to the limits of the BOP's discretion. Lopez, 531 U.S. at 238 ("The question we address is whether the Bureau has discretion to delineate, as an additional category of ineligible inmates, those whose current offense is a felony involving a firearm."). Lopez does not specifically address whether a challenge to the BOP's RDAP discretion is a cognizable habeas claim, but the Court's analysis of the claim on the merits supports the conclusion that such a claim is cognizable.

Although Lopez compels the conclusion that Jenkins's habeas claim is cognizable, it also compels denial of the claim on its merits. In Lopez, the Court considered a challenge to an earlier version of the BOP regulation at issue in this

case. Lopez, 531 U.S. at 233. The language of the earlier version differed from the current version in some respects, but the operative language barring inmates convicted of a crime involving "the carrying, possession, or use of a firearm" from receiving an RDAP sentence reduction remained the same. See id. In considering the petitioner's challenge to the regulation, the Court held that the BOP's discretion to decide whether an inmate's sentence should be reduced for successful completion of the RDAP allows the BOP to categorically exclude certain classes of inmates from receiving RDAP sentence reductions. Lopez, 531 U.S. at 243-44 ("'Even if a statutory scheme requires individualized determinations,' which this scheme does not, 'the decisionmaker has the authority to rely on rulemaking to resolve certain issues of general applicability unless Congress clearly expresses an intent to withhold that authority.'" (cleaned up) (quoting Am. Hosp. Ass'n v. NLRB, 499 U.S. 606, 612 (1991))). The Court then upheld the BOP's categorical denial of RDAP sentence credits to inmates convicted of crimes involving firearms as a reasonable use of its discretion under 18 U.S.C. § 3621 and accordingly denied the petitioner's challenge to the regulation. Lopez controls this court's analysis and compels the court to deny Jenkins's petition because it upholds the validity of an earlier regulation that is identical in all relevant respects to the regulation Jenkins challenges.

Jenkins argues to the contrary that the BOP's regulation is based on an impermissible construction of his conviction for unlawful possession of a firearm as a crime of violence. (Doc. 1). This is incorrect. As the Lopez Court explained, the BOP's 1995 version of the relevant regulation enumerated certain crimes that

4

barred inmates from receiving RDAP sentence reductions because they qualified as "crimes of violence," but in 1997 the BOP amended its regulatory structure to instead "rel[y] upon the discretion allotted to the Director of the Bureau of Prisons in granting a sentence reduction to exclude enumerated categories of inmates." Lopez, 531 U.S. at 233-34. The present regulation preserves this structure: it denies RDAP credit to inmates convicted of crimes involving firearms not because they are "crimes of violence," but rather simply as an exercise of the discretion granted to the BOP by Section 3621. See 28 C.F.R. 550.55. This use of discretion is permissible under Lopez. 531 U.S. at 244.

Jenkins additionally argues that Lopez is no longer good law because the Lopez Court relied on the Chevron doctrine to uphold the validity of the relevant regulation, but the Chevron doctrine was overruled by Loper Bright Enters. v. Raimondo, 603 U.S. 639 (2024). This argument is similarly unavailing. Although Jenkins is correct that Lopez relies, in part, on the Chevron doctrine to uphold the validity of the regulation, see Lopez, 531 U.S. at 242, Loper Bright recognizes that in some cases, the correct interpretation of a statute "may well be that the agency is authorized to exercise a degree of discretion." Loper Bright, 603 U.S. at 394. The Court gives as examples statutes that "expressly delegate" authority to the relevant agency to "give meaning to a particular statutory term," statutes that "empower" the relevant agency to "prescribe rules to fill up the details of a statutory scheme," and statutes that allow the relevant agency to "regulate subject to the limits imposed by a term or phrase that leaves agencies with flexibility such as 'appropriate' or 'reasonable.'" Id. at 394-95 (cleaned up). Here, the relevant statute

5

gives the BOP discretion to decide whether an inmate's sentence should be reduced for completion of the RDAP by using the permissive "may" instead of the mandatory "shall." See 18 U.S.C. § 3621 ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve."); accord Lopez, 531 U.S. at 241. Loper Bright does not invalidate the statute's grant of this discretion to the BOP, nor does it invalidate Lopez's holding that the BOP may issue rules recognizing categorical limitations on which inmates may receive RDAP sentence reductions pursuant to that discretion.

Furthermore, Loper Bright specifically states that in overruling the Chevron doctrine as an interpretive tool, it does not overrule prior cases that relied on the Chevron doctrine to uphold an agency action. Loper Bright, 603 U.S. at 412. "The holdings of those cases that specific agency actions are lawful" the Court explains, "are still subject to statutory *stare decisis* despite our change in interpretive methodology." Id. Thus, even accepting Jenkins's argument that Lopez's upholding of the BOP regulation was based on the Chevron doctrine, this would not be enough to invalidate Lopez. Accordingly, because Lopez controls this court's analysis and compels the conclusion that the BOP's categorical refusal to grant RDAP sentence reductions to inmates convicted of crimes involving firearms is valid, the habeas corpus petition will be denied.

## III.   Conclusion

The petition for writ of habeas corpus is denied. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    September 29, 2025